A/1C Ernest **WAYMIRE, Jr.,** Appellant,

v.

Robert T. **DENEVE,** Appellee.

No. 20779.

United States Court of Appeals Fifth Circuit.

June 17, 1964.

Joseph B. Bergen, Savannah, Ga., for appellant.

Alan S. Rosenthal, Barbara W. Deutsch, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Donald H. Fraser, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and WISDOM, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM:

Appellant here complains of numerous procedural irregularities in the district court where, in an ex parte order, appellant's complaint was dismissed after a default judgment had been entered in his favor. We need not examine the propriety of this action since we conclude that appellant could not recover on the facts alleged in his complaint; hence any procedural errors were harmless and must be disregarded under Rule 61, Federal Rules of Civil Procedure, as not affecting substantial rights.

The gist of appellant's claim is that he has been defamed by the demands of appellee, an agent of the Bureau of Customs of the United States Treasury Department, for the payment of a sum due as a penalty for the purportedly illegal importation of liquor into the United States. These demands, it is alleged, were made maliciously and without justification since appellant, an Air Force enlisted man, had been acquitted by a Special Court Martial of a charge of violation of regulations specifying the illegal importation. Judge Learned Hand, in holding that immigration officials had an absolute immunity from liability for false arrest even where malicious so long as they were acting within their power, persuasively stated the reason for this immunity in Gregoire v. Biddle, 177 F.2d 579, 581 (2 Cir. 1949):

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. * * * In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."

Here, the alleged tortious acts occurred while the Customs agent was conducting an investigation of a purported violation of the customs laws; hence the agent is shielded by immunity since the occasion "would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him." Ibid.; see Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (press release issued by agency director); Ove Gustavsson Contracting Co. v. Floete, 299 F.2d 655 (2 Cir. 1962), cert. denied, 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963) (inspection reports made by contracting officers).

The judgment is, therefore, affirmed.